UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **COLLINS BROTHERS CORP. d/b/a COLLINS BROTHERS PRODUCE,** | Case No.: |
| **Plaintiff,** | Judge: |
| vs. | |
| **ROBERTA GIANT MART, INC., JAMES H. OWENBY, and GAIL F. ARGO** | **CIVIL ACTION COMPLAINT** |
| **Defendants.** | |

For their complaint, Plaintiffs respectfully state as follows:

## A.    THE PARTIES

1.    Plaintiff is Collins Brothers Corporation d/b/a Collins Brothers Produce ("Collins Brothers"), located at 16 Forest Parkway, Building J, Forest Park, Georgia, 30297.

2.    Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3.    Defendants are:

    a.    ROBERTA GIANT MART, INC., ("RGMI") a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 490 E Crusselle St., Roberta, Georgia 31078, which is subject to the jurisdiction and venue of this Court, and which can be served through its CEO, JAMES H. OWENBY at his home at 3050 Lower Harley Br Rd, Byron, Georgia 31008. Upon information and belief, RGMI was at all times pertinent herein, a dealer and commission merchant and subject to the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA") as a dealer and commission merchant.

    b.    JAMES H. OWENBY, is an individual residing in the State of Georgia who was responsibly connected to, and CEO and CFO of, the Defendant business known as RGMI, and was in a position to control the disposition of RGMI's assets. He is subject to jurisdiction and venue in this court, and can be served at: 3050 Lower Harley Br Rd, Byron, Georgia 31008.

    c.    GAIL F. ARGO, is an individual residing in the State of

Georgia who was responsibly connected the ROBERT GIANT MART, INC., in a position to control the disposition of RGMI's assets, and its Secretary, is a subject to the jurisdiction and venue of this Georgia, and can be served at RGMI's offices at 490 E Crusselle St., Roberta, Georgia 31078.

4. RGMI, JAMES H. OWENBY, and GAIL F. ARGO will be collectively referred to as "Defendants." OWENBY and ARGO at times will be referred to collectively as the "Principals"

### B.     JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

### C.    GENERAL ALLEGATIONS

7.    This action is brought to enforce the trust provisions of Section 5 of PACA, 7 U.S.C. §499e(c).

8.    Plaintiff sold to RGMI in interstate commerce, and RGMI purchased from Plaintiffs, Produce between the dates of 10/31/2014 and 1/9/2015 in the principal amount of $19,354.29, as described on the PACA Trust Chart attached hereto as Exhibit "A" and incorporated herein.

9.    Plaintiff delivered the produce to RGMI and RGMI accepted the Produce from Plaintiff.

10.    Pursuant to PACA 7 U.S.C. §499e(c), at the time of RGMI'S receipt of the Produce, Plaintiff became beneficiary in the PACA trust in the amount of $19,354.29.  The PACA trust assets consist of all RGMI produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of the Defendants since the creation of the trust ("PACA Trust Assets").

11.    Plaintiff gave written notices of intent to preserve trust benefits to RGMI in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4) on each of their

invoices and sending those invoices to the Defendants, or by sending Notices of Intent to Preserve Trust Benefits to RGMI pursuant to 7 U.S.C. §499e(c)(3).

12. Plaintiff is a creditor, supplier and seller of Produce as those terms are defined under the PACA and within the meaning of 7 U.S.C. §499e(c).

### D. CLAIMS FOR RELIEF

#### COUNT I.

#### DEFENDANT RGMI - ENFORCEMENT OF THE PACA TRUST
#### 7 U.S.C. §499e(c)

13. Plaintiff realleges paragraphs 1 through 12 as if stated herein.

14. RGMI is in possession, custody and control of PACA trust assets for the benefit of Plaintiff.

15. RGMI failed to pay Plaintiff from the PACA trust assets for the shipments of Produce listed on Exhibit "A".

16. RGMI failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

17. As a direct result of RGMI failure to properly protect the PACA trust assets from dissipation, Plaintiffs suffered damages which are covered under the

PACA trust in the amount of $19,354.29, plus interest at a rate of 18% per annum from the date each invoice became past due (the "Interest"), plus attorney's fees and costs incurred in prosecuting this action. The entire PACA trust amount as of January 28, 2015 is $22,741.42.

18. Plaintiffs seek the entry of an Order directing RGMI to immediately turn over to the Plaintiffs, as beneficiaries of this trust, an amount of the PACA trust res equal to the sum of $22,741.42.

## COUNT II.

### DEFENDANT RGMI - FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST ASSETS
### 7 U.S.C. §499b(4) and 7 U.S.C. §499e(c)(2)

19. Plaintiff realleges paragraphs 1 through 18 as if stated herein.

20. RGMI received each of the shipments of Produce identified in paragraph 8 above.

21. RGMI failed to pay these invoices within payment terms.

22. As a direct result of RGMI failure to pay for each invoice within terms, the Plaintiffs have incurred damages in the principal amount of $19,354.29.

23. PACA requires all commission merchants, dealers, or brokers, who,

during the course of a transaction, receive produce, inventories of food or other products derived from produce, and any receivables or proceeds from the sale of receivables, to hold such produce, products, or receivables in trust for the benefit of the unpaid supplier until payment for the transaction has been made to the unpaid supplier in full.

24. RGMI has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as Plaintiffs' unpaid claims asserted in this action.

25. As a direct result of RGMI failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $19,354.29, plus interest, costs, and attorney's fees.

26. Plaintiff seeks entry of an Order directing RGMI to immediately turnover to the Plaintiff, as beneficiary of this trust, or to an escrow agent designated by the Court, an amount of the PACA trust res equal to the sum of $22,741.42, so as to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims.

## COUNT III

**DEFENDANT RGMI - BREACH OF COMMERCIAL ACCOUNT AGREEMENT**

27.  Plaintiff realleges paragraphs 1 through 26 as if stated herein.

28.  Plaintiff and RGMI entered into contracts under which Plaintiff agreed to sell the Produce and RGMI agreed to purchase the Produce, each of which is described in paragraph 8 above.

29.  RGMI failed to pay for each shipment of Produce in the aggregate amount of $19,354.29.

30.  RGMI is here by placed on notice pursuant to O.C.G.A. § 13-1-11(3) that the RGMI can avoid the Plaintiff's claim for attorney's fees pursuant to this Count if the entire principal amount due is paid within ten (10) days of the date of service of this Complaint.

31.  Plaintiffs seek entry of an Order directing RGMI to immediately pay the sum of $19,354.29, plus interest, attorney's fees and costs to the Plaintiff.

## COUNT IV

**THE PRINCIPALS – BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES**

32.  Plaintiff realleges paragraphs 1 through 31 as if stated herein.

33. At all times relevant to this action, the Principals were officers, directors, shareholders or employees of RGMI. The Principals are responsibly connected to RGMI within the meaning of 7 U.S.C. §499a(b)(9) of PACA.

34. The Principals controlled, or had a duty to control, RGMI operations and financial dealings, including those involving the PACA trust assets.

35. The Principals had full knowledge and responsibility for the handling of RGMI duties as trustee of the PACA trust.

36. As the Principals of RGMI, the individual Defendants had a duty to ensure RGMI fulfilled its duty as PACA trustee and maintained the trust assets in such a manner as to ensure there were, at all times, sufficient trusts assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiffs.

37. RGMI breached its fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims.

38. The Principals breached their fiduciary duty to direct RGMI to fulfill its statutory trustee duties to preserve and maintain sufficient PACA trust assets to pay Plaintiff for the produce they supplied to RGMI.

39. The Principals continue to hold any and all PACA Trust assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

40. The Principals are personally liable to Plaintiff for their breach of fiduciary duty in dissipating the PACA trust to the extent of $19,354.29, plus Interest, costs and attorney's fees.

41. Accordingly, the Plaintiffs seeks entry of an Order directing the Principals to pay the sum of $19,354.29, less and monies Plaintiff receives from the PACA trust, plus interest, costs and attorney's fees, to be satisfied from the Principals' personal assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A) Declaring the Defendants to be holding the above described PACA trust assets as Trustees for the sole and exclusive benefit of Plaintiff and other qualified PACA trust beneficiaries;

B) Directing the Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims;

C) As to Counts I, II and III, entering a Final Judgment in favor of Plaintiff and against RGMI, in the amount of $22,741.42;

D) As to Count IV, entering a Final Judgment in favor of Plaintiff and against each of the Principals, jointly and severally, in the amount of $22,741.42, with a corresponding reduction for the amount of any payment received upon Counts I, II or III of this Complaint; and

E) Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this _____ day of _____, 2015.

                                      THE MOULTON LAW FIRM

                                      */s/ Jeremy A. Moulton*
                                      Jeremy A. Moulton
                                      GA Bar No.: 527398
                                      Attorney for Plaintiff

925 Railroad Street
Conyers GA 30012
jeremy@moultonfirm.com
(770) 483-4406
FAX (770) 388-9201